UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAAD A. TAYLOR,

                              Plaintiff,

              -against-

SGT. THOMAS HENSON, #1934; TPR./SGT.
CHRISTOPHER J. FITTON, #1310; NEW
YORK STATE POLICE, VILLAGE JUSTICE
SAM R. WATKINS, JR.; VILLAGE CROTON-
ON-HUDSON; DEPARTMENT OF MOTOR
VEHICLES, NEW YORK; MARK J.F.
SCHROEDER, COMMISSONER NEW YORK
DEPARTMENT OF MOTOR VEHICLES,

                              Defendants.

25-CV-4867 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 and § 1985, alleging that Defendants violated his federally protected rights. By order dated July 18, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his complaint, Plaintiff asserts claims against the following Defendants: (1) New York State Police Trooper Sergeant ("Sgt.") Thomas Henson; (2) New York State Trooper Sgt. Christopher J. Fitton; (3) the New York State Police, (4) the Village of Croton-on-Hudson; (5) Sam R. Watkins, Jr., Village Justice in Croton-on-Hudson; (6) the New York State

2

Department of Motor Vehicles ("DMV"), New York; and (7) Mark J. F. Schroeder, the DMV

Commissioner. Plaintiff alleges the following.[1]

On June 12, 2022, Sgt. Fitton stopped Plaintiff's vehicle in the Village of Croton-on-

Hudson, in Westchester County. ECF No. 1 at 11. Plaintiff claims he had been driving

"peacefully and lawfully," had not committed "any crime," and had not "created any public

safety concern." *Id.* Plaintiff further asserts that he did not "consent to any contract, did not

waive any of his rights, and did not present a state-issued driver's license or any identification

that would create a contractual relationship or jurisdictional authority." *Id.* Plaintiff

"communicated his lack of consent" to Fitton, in response to which Fitton "physically assaulted

Plaintiff by deploying a taser without legal justification, and unlawfully arrested him." *Id.*

Plaintiff further alleges that he was then unlawfully searched, in the absence of any "exigent

circumstances," and his personal property was seized. *Id.* Thereafter, the DMV "initiated

administrative penalties against" Plaintiff, although he did not consent to its "jurisdiction," and

the Village of Croton-on-Hudson "failed to intervene or provide redress despite having notice

and administrative oversight responsibilities." *Id.* There are no specific facts regarding the

alleged acts or omissions of Defendants Sgt. Henson, the New York State Police, or Village

Justice Watkins.

Attached to the complaint is a "Legal Notice and Affidavit of Truth," directed to

Commissioner Schroeder, asserting, among other things, that: (1) he has the "inalienable right[]"

to travel "unfettered and unencumbered . . . by any modes of conveyance of the air, land, and sea.

More specifically to this matter at hand, [by] automobile to travel on the land"; and (2) he

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

"RESCIND[S], REVOKE[S], CANCEL[S], and ABOLISH[ES] any contract I have knowingly, unknowingly, or tacitly entered into with the [DMV]" and that the that the DMV "is NOT a lawful entity or authority." *Id.* at 18.

Plaintiff alleges that Defendants conspired and retaliated against him, and violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 11.) He seeks an order directing the DMV to issue to him a new license, to clear his driving record, and to ensure that his "constitutional right to travel remains unencumbered by the DMV or related law enforcement agencies." (*Id.* at 13.) He seeks other declaratory and injunctive relief, and $9 million in damages. (*Id.*)

DISCUSSION

**A.    Defendant Fitton**

**1.    Order of Service**

Plaintiff plausibly alleges that Sgt. Fitton unlawfully stopped him and used excessive force against him when he allegedly tased him during the traffic stop. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summons be issued. The Court therefore extends the time to serve until 90 days after the date any summons issues.

To allow Plaintiff to effect service on Defendant Fitton through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant. If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### 2.      Plaintiff is Directed to Amend His False Arrest Claim

As discussed below, Plaintiff does not provide sufficient facts to plausibly allege federal claims arising from his allegedly false arrest.

At the pleading stage, where a plaintiff is arrested without a warrant, the defendant must prove probable cause. *See Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010) ("When an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense."); *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) ("The defendant has the burden of raising and proving the affirmative defense of probable cause."); *Boans v. Town of Cheektowaga*, 5 F. Supp. 3d 364, 384 (W.D.N.Y. 2014) (A plaintiff challenging a warrantless arrest need not "allege want of probable cause in a false imprisonment action, . . . and the burden is on the defendant to prove the opposite.") (relying on *Broughton v. State*, 37 N.Y.2d 451, 458 (1975) ("As a matter of pleading[,] the defendant has the burden of proving legal justification as an affirmative defense.")).

However, Plaintiff does not provide any facts about the circumstances leading up to his detention or alleged false imprisonment, and he does not explain if he was arrested and taken into custody, or briefly detained and issued a summons. Plaintiff refers only to DMV "administrative penalties" (ECF 11 at 1), and not to any criminal proceedings. The "issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." *Hawthorne v. Cnty of Putnam*, 492 F. Supp. 3d 281 (S.D.N.Y. 2020) (quoting *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010), and listing other cases from this Circuit holding that the "issuance of a traffic ticket alone does not give rise to a false arrest claim under Section 1983.").

Plaintiff does not provide any facts about the circumstances leading up to his detention or alleged false imprisonment. The Court grants Plaintiff leave to replead his false arrest claim.

**B.    The Court *Sua Sponte* Dismisses Some Defendants and Directs Plaintiff to Amend His Complaint Regarding Others**

**1.    New York State Police, the DMV, and DMV Commissioner Schroeder**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The New York State Police, the DMV, and DMV Commissioner Schroeder are arms of the state, and the Court therefore dismisses Plaintiff's

Section 1983 claims against them under the doctrine of Eleventh Amendment immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2. Village Justice Watkins

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" of his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9–10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

In addition to being immune from actions for damages, judges are also immune from any civil action seeking injunctive or declaratory relief. Although judicial immunity does not absolutely bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Here, Plaintiff fails to allege any facts showing that, in some manner, Justice Watkins acted beyond the scope of his judicial responsibilities or outside his jurisdiction. Judicial immunity therefore applies.

Likewise, Plaintiff is not entitled to injunctive relief against Justice Watkins, because he has not alleged either the violation of a declaratory decree, or the unavailability of declaratory relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within his judicial capacity is ordinarily available by appealing the judge's order. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014).

The Court therefore dismisses Plaintiff's claims against Village Justice Watkins because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

### 3. Village of Croton-on-Hudson

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell*

*v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff asserts no facts suggesting that a policy, custom, or practice of the Village of Croton-on-Hudson caused a violation of his constitutional rights, and the facts alleged, arising out of a vehicle stop conducted by a New York State trooper, do not suggest that the Village would or could bear any liability for what occurred. The Court dismisses Plaintiff's claims against the Village of Croton-on Hudson for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4.    Sgt. Henson

A plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d

127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Sgt. Henson was personally involved in violating his rights. For example, Plaintiff does not allege that Sgt. Henson was present during the traffic stop. The Court dismisses Plaintiff's claims against Sgt. Henson for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to plead facts in support of claims against Sgt. Henson should any exist.

## C.    Section 1985

To state a claim of conspiracy under Section 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or of equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted).

10

Claims under Section 1985(3) must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Here, Plaintiff's conclusory and vague allegations about retaliation or a conspiracy among Defendants do not state a claim under Section 1985(3). He offers no support that these varied defendants worked together to deny him his rights, or that any Defendant was motivated by a discriminatory animus toward him. The complaint contains no suggestion that Defendants acted together with a shared purpose to deprive Plaintiff of his rights. For these reasons, the Court dismisses Plaintiff's claims of conspiracy against all Defendants under Section 1985(3) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[3] Plaintiff alleges that Defendants lacked jurisdiction over him because he did not "consent to any contract," waive his rights, or present a license or identification that would "create a contractual relationship or jurisdictional authority" over him. ECF No. 1 at 11. Courts have repeatedly spurned this line of reasoning. *See, e.g.*, *United States v. Ulloa*, 511 F. App'x 105, n.1 (2d Cir. 2013) (rejecting the argument that state and federal governments lack constitutional legitimacy and therefore have no authority to regulate one's behavior); *Sposato v. Carey*, No. 23-CV-364, 2024 WL 637423, at *5 (N.D.N.Y. Feb. 14, 2024) (deeming frivolous the plaintiff's argument that he had not "consented" to New York State's authority requiring him to have a driver's license or vehicle registration, and listing consistent cases); *Anaan v. State of New York Dep't of Motor Vehicles*, No. 15-CV-1058, 2016 WL 8189269, at *2 (E.D.N.Y. Mar. 2, 2016) (rejecting the plaintiff's argument that his right to travel could not be "circumscribed by law or the DMV"), *aff'd*, 662 F. App'x 85 (2d Cir. 2016).

**LEAVE TO AMEND**

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims against Sgts. Fitton and Henson, as discussed in this order, the Court grants Plaintiff until **June 2, 2026**, to amend his complaint. The Court grants Plaintiff leave to file an amended complaint to detail his Section 1983 claims *solely* against Sgts. Fitton and Henson arising out of the traffic stop.[4] Only his allegedly false arrest and claims against Sgt. Henson require amendment at this juncture, but because any amended complaint Plaintiff files will completely replace, not supplement, the original complaint, Plaintiff must also repeat the facts and allegations he wants to include from the original complaint in the amended complaint—including, if applicable, his claims for excessive force and unlawful stop, search, and seizure.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Sgt. Thomas Henson; the New York State Police; the Village of Croton-on-Hudson; Village Justice Sam R. Watkins, Jr.; the New York State Department of Motor Vehicles; and Department of Motor Vehicles Commissioner Mark J. F. Schroeder. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court grants Plaintiff leave to file an amended complaint to detail his claims against Sgts Fitton and Henson, as discussed in this order. An "Amended Complaint" form is attached to this order.

---

[4] In other words, the Court declines to grant Plaintiff leave to reallege claims against the New York State Police, the Village of Croton-on-Hudson; Village Justice Sam R. Watkins, Jr., the New York State Department of Motor Vehicles, and Commissioner Schroeder. Plaintiff should not name them as Defendants in any amended complaint that he files.

12

13

The Clerk of Court is instructed to issue a summons for Defendant Fitton, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[5]

SO ORDERED.

Dated:    April 3, 2026
         White Plains, New York

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge

---

[5] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## SERVICE ADDRESS FOR DEFENDANT

Trooper/Sergeant Christopher J. Fitton #1310
New York State Police
1 Memorial Drive
Croton-on-Hudson, New York 10520

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes     ☐ No
(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1        Name  _____

                               Street Address  _____

                               County, City  _____

                               State & Zip Code  _____

                               Telephone Number  _____

Defendant  No. 2        Name  _____

                               Street Address  _____

                               County, City  _____

                               State & Zip Code  _____

                               Telephone Number  _____

Defendant  No. 3        Name  _____

                               Street Address  _____

                               County, City  _____

                               State & Zip Code  _____

                               Telephone Number  _____

Defendant  No. 4        Name  _____

                               Street Address  _____

                               County, City  _____

                               State & Zip Code  _____

                               Telephone Number  _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

         ☐ Federal Questions                 ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

         _____

         _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

         Plaintiff(s) state(s) of citizenship _____

         Defendant(s) state(s) of citizenship _____

         _____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

**What happened to you?**

_____

_____

_____

_____

**Who did what?**

_____

_____

_____

_____

**Was anyone else involved?**

_____

_____

**Who else saw what happened?**

_____

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

_____

*Rev. 12/2009*                                         3

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.   _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


Signature of Plaintiff     _____

Mailing Address          _____

                         _____

                         _____

Telephone Number         _____

Fax Number *(if you have one)*   _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:   _____

Inmate Number           _____


*Rev. 12/2009*                              4